

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

DCC/Plea Agmt.
2016R00017

970 Broad Street, Suite 700        (973) 645-2700
Newark, New Jersey   07102

June 14, 2017

Gary L. Cutler, P.C.
160 Broadway, Suite 600
New York, NY   10038

Re:  <u>Plea Agreement with Jun Shen a/k/a "Jeannette Shen"</u>

Dear Mr. Cutler:

This letter sets forth the plea agreement between your client, Jun Shen a/k/a "Jeannette Shen," and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Jun Shen to a one-count Information that charges her with visa fraud in violation of Title 18, United States Code, Section 1546(a).  If Jun Shen enters a guilty plea and is sentenced on this charge and otherwise fully complies with all of the terms of this agreement, then this Office will not initiate any further criminal charges against Jun Shen for the criminal activities committed from on or about October 28, 2013 through in or about March 2016, in Union County, New Jersey, and elsewhere, as more fully set forth in the criminal complaint filed against her in this District under Magistrate No. 16-6035.  However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Jun Shen agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Jun Shen may be commenced against her, notwithstanding the expiration of the limitations period after Jun Shen signs the agreement.

<u>Sentencing</u>

The violation of Title 18, United States Code, Section 1546(a) to which Jun Shen agrees to plead guilty carries a statutory maximum prison sentence of ten (10) years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary

gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentence to be imposed upon Jun Shen is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, Title 18, United States Code, Sections 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Jun Shen ultimately will receive.

Further, in addition to imposing any other penalty on Jun Shen, the sentencing judge: (1) pursuant to 18 U.S.C. § 3013, will order Jun Shen to pay an assessment of $100, which assessment must be paid by the date of sentencing; (2) pursuant to 18 U.S.C. § 3663 et seq., may order Jun Shen to pay restitution; (3) pursuant to 18 U.S.C. § 982 et seq., may order forfeiture; and (4) pursuant to 18 U.S.C. § 3583, may require Jun Shen to serve a term of supervised release of not more than three years, which term of supervised release will begin at the expiration of any term of imprisonment imposed. Should Jun Shen be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Jun Shen may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Jun Shen by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Jun Shen's activities and relevant conduct with respect to this case.

Stipulations

       This Office and Jun Shen agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.  Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation.  A determination that any stipulation is not binding shall not release either this Office or Jun Shen from any other portion of this agreement, including any other stipulation.  If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so.  These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

       As set forth in Schedule A, this Office and Jun Shen waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under Title 18, United States Code, Section 3742 or a motion under Title 28, United States Code, Section 2255.

Rights of This Office Regarding Post-Sentencing Proceedings

       This Office specifically reserves the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.

Immigration Consequences

       Jun Shen understands that, if she is not a citizen of the United States, her guilty plea to the charged offense will likely result in her being subject to immigration proceedings and potential removal from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization.  Jun Shen understands that the immigration consequences of

- 3 -

this plea will be imposed in a separate proceeding before the immigration authorities. Jun Shen wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. Jun Shen understands that she is bound by her guilty plea regardless of any immigration consequences of the plea. Accordingly, Jun Shen waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Jun Shen. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Jun Shen.

No provision of this agreement shall preclude Jun Shen from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Jun Shen received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

       This agreement constitutes the plea agreement between Jun Shen and this Office and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

       Very truly yours,

       WILLIAM E. FITZPATRICK
       Acting United States Attorney

       _____
       By: Dennis C. Carletta
       Assistant U.S. Attorney

APPROVED:

_____
Anthony Moscato
Chief, National Security Unit

- 5 -

I have received this letter from my attorney, Gary L. Cutler, Esq. I have read it, and/or it has been translated for me in my native language. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____          Date: _____6/14/17_____
Jun Shen


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____          Date: _____6/14/17_____
Gary L. Cutler, Esq.


- 6 -

<u>Plea Agreement With Jun Shen</u>

<u>Schedule A</u>

1.   This Office and Jun Shen recognize that the United States Sentencing Guidelines are not binding upon the Court.  This Office and Jun Shen nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Jun Shen within the Guidelines range that results from the total Guidelines offense level set forth below.  This Office and Jun Shen further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2.   The version of the United States Sentencing Guidelines effective on the date of sentencing applies in this case.

<u>The Offense Conduct</u>

3.   The substantive offense is a violation of 18 U.S.C. § 1546(a), and the applicable guideline for that offense is U.S.S.G. § 2L2.1.  Pursuant to U.S.S.G. § 2L2.1(a), the base offense level is 11.

4.   The parties agree that the offense was committed for profit and that the defendant knowingly used, attempted to use, possessed, obtained, accepted or received more than one-hundred (100) documents proscribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, knowing that said documents were forged, counterfeited, altered, falsely made, to have been procured by means of false claim or statement, or otherwise procured by fraud or unlawfully obtained. Pursuant to U.S.S.G. § 2L2.1(b)(2)(C), specific offense characteristic results in a 9-level increase from the base offense level of 11.

<u>Acceptance of Responsibility</u>

5.   As of the date of this letter, Jun Shen has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged.  Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Jun Shen's acceptance of responsibility continues through the date of sentencing.  See U.S.S.G. § 3E1.1(a).

6.  As of the date of this letter, Jun Shen has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently.  At sentencing, this Office will move for a

further 1-point reduction in Jun Shen's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Jun Shen enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Jun Shen's acceptance of responsibility has continued through the date of sentencing and Jun Shen therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Jun Shen's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

Calculation of the Total Offense Level

      7.  In accordance with the above, the parties agree that the total Guidelines offense level applicable to Jun Shen is 17.

      8.  The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

Waiver of Appellate Rights

      9.  Jun Shen knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 17. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 17. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

      10.  Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.